IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RUIZ,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>ROBERT HOREL, WARDEN,<br><br>　　　　Respondent | No. C 07-4804 JSW (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(Docket No. 4) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at Pelican Bay State Prison in Crescent City, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the Board of Prison Terms ("BPT") denial of parole during parole suitability proceedings. Petitioner has paid the filing fee. Petitioner has also filed a motion to relate his case to that of another prisoner whose case is currently pending before another Judge of this Court, which is DENIED (docket no. 4). This order directs Respondent, Robert Horel, the Warden of Pelican Bay, to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted by a San Diego County Superior Court jury of robbery and kidnapping. In 1981, Petitioner was sentenced to eight years plus seven years-to-life in state prison. In this habeas action, Petitioner does not challenge his conviction, but instead challenges the execution of his sentence. Petitioner

alleges that after his seventh parole suitability hearing in 2006, the BPT found him unsuitable for parole, in violation of his federal constitutional right to due process. He alleges that he has exhausted state judicial remedies as to all of the claims raised in his federal petition.

## DISCUSSION

I.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.  Legal Claims

Petitioner alleges that his constitutional rights were violated by the BPT's finding of parole unsuitability in 2006 and that the BPT has violated his constitutional rights by requiring that he become a confidential informant in order to be able to fulfill the requirements necessary for him to be found eligible for parole. Liberally construed, the allegations are sufficient to warrant a response from Respondent. *See Biggs v. Terhune*, 334 F.3d 910, 914-15 (9th Cir. 2003); *Board of Pardons v. Allen*, 482 U.S. 369 (1987); *see, e.g., Morales. v. California Dep't of Corrections*, 16 F.3d 1001, 1005 (9th Cir. 1994), *rev'd on other grounds*, 514 U.S. 499 (1995).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on **Respondent Robert Horel, Warden of Pelican Bay State Prison, who is Petitioner's custodian,** and Respondent's attorney, the Attorney General

2

of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED: January 30, 2008

JEFFREY S. WHITE
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GEORGE RUIZ,

        Plaintiff,

  v.

ROBERT HOREL et al,

        Defendant.

Case Number: CV07-04804 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 30, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

George Ruiz
B82089
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: January 30, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk