# EXHIBIT B

*Prison Packet*

OR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

PROBATION OFFICER'S REPORT

MICROFICHE
DATE: 6/18/81

THE PEOPLE OF THE STATE OF CALIFORNIA

vs.

GEORGE RUIZ

| | |
|---|---|
| COURT No. CR 52779 | DEPT. & JUDGE SC-MC 2   IREDALE |
| DA FILE No. A 48709 | ATTORNEY C. Adair |
| HEARING DATE 5-15-81 @ 9 a.m. | PROBATION OFFICER J. JOHNSON:mjs |
| | PROB. CASE No. A-515-754 |

---

Name_____ AKA___

_(Include maiden and former married names)_

Address  406 Sawtelle Ave., San Diego, CA          ZIP  92114     Phone 463-5932

Sex M  Age 38  Birth Date 10-6-42  Birth Place San Diego, CA

Cauc. ☐  Cau-Mex. ☐  Negro ☒  Oriental ☐  Other_____  Driv. Lic. None                           ☐ DL 254

Ht. 5'9"  Wt. 160  Eyes Brn  Hair Blk  Other Identifying Data TT: mermaid, rt arm; rose lft arm, chin "dot
Scars, tattoos, amputations, etc.

Trade Body & Fender              Union_____  Soc. Sec. No. 558 621 382

Dates & Branch of Service_____  Rank_____  Type of Discharge_____  Ser. No._____

Duty Station_____                                                      ☐ 2086

## OFFENSE INFORMATION

Charge(s) Kidnapping to Commit Robbery (209(b) PC) - Ct. 1; and Robbery (211 PC) W/Commit Crime While Armed (12022.5 PC) allegation - Ct. 2

| Date Offense Committed | 12-2-80 | Date Convicted | 4-2-81 | How? Jury |
|---|---|---|---|---|

Status Custody  Days in Jail This Case _____  Investigating Arresting Agency SDPD  Date Info Complaint Filed 1-12-81

| FBI No. 808 283 D | CII No. 1 909 444 | SDPD No. 458 356 | SDSO No. (5) 303 446 |
|---|---|---|---|

Obtained Last Entry ☐      Obtained Last Entry ☐      OTHER PD No. 57 1760 00145

PROB. 1S (REV. 5-76)

RUIZ, George     CR 52779          - 2 -                          5-15-81

## CUSTODY DATA:

| Date Confined | Date Released | Place | Custody Days |
|---|---|---|---|
| 12-12-80 | In Custody | County Jail | 165 |
| | | 4019 PC Credits | 82 |
| | | Total Custody | 247 |

## RELATED COURT DATA:

The defendant was found guilty in a Jury trial of the following charges: Count One, Kidnapping (209(b) PC), and Count Two, Robbery (211 PC), with a true finding that he used a firearm in the commission of the said robbery within the meaning of Section 12022.5 PC. Additionally, the Court referral shows that the Court made a true finding that the first prior alleged on the Information is valid. This concerns the defendant's conviction on 3-24-77 for the offense of Robbery With the Use of a Firearm (211 PC and 12022.5 PC, within the meaning of Section 667.5(a) PC).

The defendant is scheduled for a Superior Court tiral on 5-28-81 on a charge of Possession of Conatrolled Substance For Sale (11351 H&S).(Superior Court case number CR 52909.)

## THE OFFENSE:

The Probation Officer realizes that the Court, having heard the testimony in this case is, therefore, well aware of the facts of the offense. Therefore, the following information is included for information purposes only. The Information was obtained from reports of the San Diego Police Department and a review of the preliminary hearing transcript:

On 12-2-81, around 7:10 p.m., Mr. Bruce Peckham, the principal victim in this case, had exited the Village Store at 1145 Rosecrans Street, San Diego, California, where he had been visiting his two friends, Mr. Scott Hoff and Mr. Mark Mairot. Just as he got into his car to drive away, a man came up, stuck a gun through the window and placed it against his head. The man told him not to move, that if he did, he would "blow my fucking head all over the car." He assured the man he would not try anything and firmly believed the gun was real. The man then told him they were going to go into the store and rob it, and if anything went wrong, that he was to be the "first one to go, and he told me to call my friends down and let them know what was happening."

The suspect then walked him into the store, holding his arm with his left hand and holding the gun at his right side. Mr. Peckham then told the two clerks, Mr. Hoff and Mr. Mairot, "Scott, this guy has a gun. He's

RUIZ, George    CR 52779         - 3 -                         5-15-81

going to rob the place." Scott Hoff thought he was kidding; where-
upon, the suspect showed them the gun. They then threw their hands
up and the suspect told them, "Get your hands down." He then had
Mark Mairot empty the cash register (it was estimated that $400 in mis-
cellaneous coins and bills was taken) into a paper bag and inquired if
there was any other money underneath the drawer (the answer was no).
He then had Scott Hoff place four cigarette cartons in another bag,
(value $18.) and then backed out, telling them to neither call the police
nor to use the phone.

A police report states the phone did ring about that point; whereupon,
he said, "There had better not be an alarm going off or I'll put a
hole in your friend." He then told Peckham, per the report, "If any-
thing goes wrong, you're the first to go." He then left the store,
holding Peckham in front of him. Outside, he told the victim to look
down Addison Street to the west, and not to look behind him; whereupon,
Mr. Peckham heard him run to the east. Peckham also recalled the sus-
pect telling him to go back inside the store. He also recalled seeing
the suspect get into the passenger seat of a small sedan stopped at
the corner of Addison and Scott, and saw it depart northward. The pis-
tol was described as being a semi-automatic with a large frame and was
nickel-plated.

On 12-5-80, the defendant was arrested for parole violation, and homicide
detectives recognized that he matched the description of the suspect.
Photographs of the defendant were obtained and were shown to Mark Mairot
and Scott Hoff on 12-11-80. They positively identified the defendant.

On 12-22-80, a Court-ordered lineup was conducted at County Jail, with
the three victims attending. They all identified the defendant.

VICTIM INFORMATION:

Mr. Bruce Peckham, age 25, recalled the defendant was "awful scared and
shaky" when he committed the offense. His fear was that if anything
went wrong, the defendant would have killed him. He held the gun to his
head and his ribs. He believes the defendant is extremely dangerous
and should be locked up "forever." He said the incident has not caused
him any mental or emotional problems.

There was no doubt in his mind that the defendant committed the offense.

Mr. Scott Hoff, one of the clerks, said that he has suffered no ill ef-
fects, but later, after he thought about the offense, he realized he
was in grave danger at that time. He also is positive about the iden-
tification. He feels sure that if anything had happened, Bruce Peckham
would have been killed. The defendant pointed the gun in his direction
also. "He should not ever be let out on the street," Mr. Hoff remarked.

RUIZ, George    CR 52779           - 4 -                          5-15-81

Mr. Mark Mairot was not available when the Probation Officer tried to telephone him.

DEFENDANT'S STATEMENT:

Mr. Ruiz submitted the following written statement:

> "I know I won't get probation.  But like i said all though trial.  I did not! do this crime."

In his interview, Mr. Ruiz appeared somewhat depressed, but cooperated in answering all the questions.  He denied the offense.  "I just got out from doing a robbery . . . if I was going to do one, I wouldn't show no part of my face."  He then went on to detail discrepancies he felt exist between the original police reports and information given by the victims later, plus other facts he believes are in error. Pointing to a blue tattoo dot about three-sixteenths of an inch in diameter in the center of his chin, and said the victims did not identify that. They said the suspect's hair was shoulder length and he has never had his hair that long.  They said he had scratches on his face, and he claims he did not.  They identified the suspect as wearing a leisure suit.  He has never owned one.  He claims he was at his sister's home (Mrs. Josephine Garabay, who testified in the trial).  He also felt there were other inconsistencies.  He also remarked that the Parole Department should have photographs of him taken before his release, which could help exonerate him.

He was also asked about why he was recently arrested for parole violation.  He remarked that he had, in fact, quit reporting to his Parole Officer after making one initial visit following his release from State Prison in June 1980.  Why did he not report?  "Because my Parole Agent said he was going to put me back in jail."  He had reported a few days late, and the reason he did this was simply because he wanted to see his family after being in custody three and one-half years.  He did say he did call the office.  He had encountered difficulty getting employment upon his release.  He learned body and fender work in prison, performed this labor for considerable months, and considers himself very good. When he would apply for jobs, he would be asked where he had worked previously.  He would explain he had been in prison.  He would be told to return in a few weeks.  When he did, he would be told he had not enough experience.

When he returns to prison, he said he will seek a new trade, welding, as shipyards do not seem to care if employees have a prior record, but are more interested in their work.

He was asked if drugs were involved in the offense.  He replied somewhat emphatically that they were not.  He admitted he had used heroin off

RUIZ, George   CR 52779        - 5 -                        5-15-81

and on when friends gave it to him following his release from prison, but that he went on the Methadone Program in November 1980.

When asked what he felt might be possible mitigations in his case, he remarked, "I don't know, just they are mistaken." (He was referring to the victims' identification of him.)

PRIOR RECORD:

Clearances with local law enforcement agencies, past FBI rapsheets, and recent CII rapsheets, plus probation records show the defendant has the following record:

| 3-29-61 | SDPD | Burglary | 3-30-69-change to PT, 180 days, ISS Co J1 |

The defendant had needle marks on his arm at the time he was arrested, but denied taking narcotics.

| 5-26-63 | SDPD | Battery | 5-27-63-30 days, 25 SS |
| 10-21-63 | SDPD | Att Burg | CR 5993: 12-6-63, 3 yrs prob, 5 mos Honor Camp |

Despite violations of probation (listed in the following entries), the defendant's probation terminated in 1967.

| 4-24-65 | SDPD | Poss Dang Drugs | 60 days, 1 day susp |
| 9-15-66 | SDSO | Viol Probation | Confined to Honor Camp |
| 1-28-67 | SDSO | UI Narc | M 47520: 3-2-67, 3 yrs prob to Crt, 180 days, 90 SS |
| 6-5-67 | SDSO | UI Narc (SDMO Arr) | 10 days |
| 10-30-67 | SDSO | Smuggl Heroin (US Cust Arr) | 3 yrs fed prob |
| 11-22-67 | LASO | Illeg Use of Narc | CRC Corona, term 7 yrs, 12-18-67, parto SD Co |
| 6-10-69 | SDSO | Par Viol, Narc Addiction | Ret to CRC to finish term, 8-18-69, out to Court |

RUIZ, George    CR 52779    - 6 -    5-15-81

| | | | |
|---|---|---|---|
| 5-21-69 | SDSO | Sale of Narc (11501 H&S) | CR 18109: 9-22-69, Fnd glty by Jury, com CRC, par to SD Co 6-24-70 |
| 9-9-70 | NCPD | PT (Shoplift) | 10 days jl |
| 12-3-70 | SDSO | Narc Addic (Viol St Parole) | |
| 2-18-71 | SDPD | DC-Drunk | Fine $25, 6 mos prob to Crt |
| 12-8-71 | SDPD | 1) 447a PC - Arson (Dwelling) 2) 449a PC - Arson (Property) 3) 11910 H&S - Poss Dang Drugs | 12-23-71: 447a and 451 PC "A" dism FOJ; 11910 H&S, PG, 60 days jl, 60 days susp, 3 yrs prob |

The defendant reportedly set his girl friend's clothes on fire. Two Seconal capsules were found on a bed beside his wallet. This appears to have been a Court probation.

| | | | |
|---|---|---|---|
| 5-3-72 | SDPD | Drunk-Drugs | M 113303: 2 yrs prob to Crt |
| 6-5-72 | CRC Corona | Outpat Returnee | Ret TFT, par to SD Co 7-24-72, disch'd 7-16-74 |
| 9-12-72 | SDPD | 1) Poss Narc For Sale (11500.5 H&S) 2) UI Narc (11721 H&S) 3) Poss Narc Paraph (11555 H&S) | F 30305: 10-13-72, PG 11721 H&S (other charges dism), 365 days jl, ISS |
| 9-6-73 | SDPD | 1) Murder (187 PC) 2) ADW (245a PC) | CR 30234: fnd glty by Jury of Invol Manslghtr (192.2 PC), While Armed (12022 PC), & Personal Use of Firearm (12022.5 PC), 2-8-74, Exec of sent stayed for 5 yrs. As to Cts 2 & 3 ; 11-12-74 pris susp, form prob, 16 mos jl, 798 days CTS. Conv reversed 192.2 & 245a PC; conv upheld on 12021 PC. Prob term 3-24-7 |

12021 PC

RUIZ, George    CR 52779          - 7 -                        5-15-81

The defendant was visiting a friend who was being accused by two men
of having paid them some money in regard to an alleged narcotic trans-
action.  His friend had a gun on hand for self-protection, apparently.
The defendant was alleged to have loaded the gun.  The defendant was
threatened by one of the assailants who brandished a bicycle chain.
When he advanced on the defendant, he pulled the trigger of the gun.
The man died.  Mr. Ruiz recalled this matter, and pointed out he just
happened to be there, but that he felt remorse about taking another
man's life.

| 2-13-74 | CDC, Chino | Invol Manslaughter | Fr. SD Co: term 6 mos to 15 yrs consec W/ 5-10 yrs. 10-22-75, disch'd on appeal to SD Co |

This entry pertains to the defendant's conviction as mentioned in the
9-6-73 entry.

| 12-30-76 | SDPD | 1) Robbery (211 PC)<br>2) Poss Narc (11350 H&S)<br>3) Poss Drug Paraph (11364 H&S)<br>4) Poss Hype Needle (4143a B&P) | CR 39568: 3-24-77, PG to 211 PC, & 12022.5 PC. St Pris term presc by law, CTS 85 days |

In this case, the defendant was identified as one of two men who held
up a marine equipment company.  One man held a sawed-off shotgun and
the other held what appeared to be a .38 pistol, but which was later
identified as a pellet handgun, which appeared much like a pistol.  A
receptionist and the manager of the business were forced to lie down
and were tied up.  Their personal cash and other property and cash from
the business were taken.  Total loss was $1,015.  Named as a suspect was
the defendant's nephew.  The defendant was identified on that basis and
admitted the crime, but declined to name the other suspect.  He denied
using the sawed-off shotgun.  He expressed confidence that nothing
would have gone wrong with this robbery because he knew the boss and
thus felt he could perform the robbery safely.  In that robbery, he
wore a handkerchief over his face, along with a dark knit cap and sun-
glasses.

| 4-6-77 | CDC, Chino | Robbery 1st Deg W/Use of Firearm (211/12022.5 PC) | Fr SD Co: 5 yrs to life & APO 5 yrs, life consec, 6-9-77, out to Crt; 6-30-80 par to SD Co |

RUIZ, George    CR 52779        - 8 -                          5-15-81

| 10-23-80 | SDSO (NTC Arr) | 1) Poss Stolen Prop (496.1 PC) 2) Poss Contr Subs (11350 H&S) 3) Poss Cont Subs for Sale (11351 H&S) 4) Poss Paraph (11364 H&S) | F 66111: (DA# A 47947)- Pending |

This case has possibly been settled.  The defendant had been scheduled to appear for preliminary examination in Presiding MunicipalDepartment on 12-22-80.  Although the Warrent was served, he was unavailable (records show he appeared in Court on another case on that same date, and the other case was discharged.)

| 12-12-80 | SDPD | Kidnapping (207 PC); Robbery (211 PC) | CR 52779: INSTANT OFFENSE |
| 1-6-81 | SDSO | Poss Cont Subs For Sale (11351 H&S) | CR 52909 (A 49131): Pending - SC trial sched 5-28-81 |

The Parole Department states there is a Parole Hold on the defendant.

In the past 20 years, it would appear the defendant has served eight years total custody in either local or state confinement.

ADJUSTMENT TO PROBATION AND PAROLE:

The defendant's past adjustment to probation was poor.  His last Probation Officer, Mr. Lou Major, described him as being totally uncooperative and unsuitable for probation.

Mrs. Eloise Donohue, the defendant's current Parole Agent, describes his parole adjustment as being very poor.  He had absconded from parole. Because it was evident he was encountering difficulty with the law and that he had been arrested on drug charges and it was felt that he might be dangerous, a Special Services Officer was called in to trace the defendant.  The officer actually did arrest him on 12-5-80.  She is of the opinion the defendant should receive the maximum possible custody. She noted the defendant has been "around a long time" without reforming.  She believes consecutive sentencing is in order.

RELEVANT SOCIAL FACTORS:

George Ruiz is a 38-year-old body and fender mechanic by trade.  He is the father of two children, a boy,age 16, who lives with his ex-wife, and a girl, age nine, who lives with his sister.  He has been divorced

RUIZ, George    CR 52779     - 9 -    5-15-81

from his wife several years.   He had the girl by a common-law spouse with whom he lived eight years.

Most recently, the defendant claims he has been living "off and on" with his siter, Josie Garibay.   She is married and has three children in the home.   He also admitted that he has been living with a common-law girl friend, Connie Rushman, with whom he is standing trial on a possession  of heroin charge.   He claims to have been working on a part-time basis as a free-lance body and fender repairman, and estimated he earned $250 per month from this work.

Born and raised in San Diego, the defendant dropped out of high school in the tenth grade.

SPECIAL PROBLEMS:

The defendant admits he has a long-standing problem with heroin, but claims it was not involved in this offense.   He claims that he only used heroin lightly from June to November 1980, and then went on Methadone.   He first used heroin in 1959 and did not use it heavily until 1965-1966.   It would also appear Mr. Ruiz has a problem in regard to employment.   Old probation records indicate he had difficulty keeping jobs.

SENTENCING DATA:

The information in this section is included to assist the Court in fixing the prison term in the event that the Court should decide to commit the defendant to prison.

Possible Circumstances in Mitigation:

None.

Possible Circumsstances in Aggravation:

The crimes involved great violence and the threat of great bodily harm and other acts disclosing a high degree of cruelty, viciousness and callousness, whether or not charged or chargeable as an enhancement under Section 12022.7 (Rule 421(a)(1)).

The crimes involved multiple victims (Rule 421(a)(4)).

The planning, sophistication and professionalism with which the crimes were carried out, and other facts, indicated premeditation (Rule 421 (a)(8)).

RUIZ, George    CR 52779            - 10 -                        5-15-81

The defendant has engaged in a pattern of violent conduct which indicates he is a serious danger to society (Rule 421(b)(1)).

The defendant's prior convictions as an adult are numerous and of increasing seriousness (Rule 421(b)(2)).

The defendant has served prior prison terms, whether or not charged or chargeable as an enhancement under Section 667.5 PC (Rule 421(b)(3)).

The defendant was on parole when he committed the crimes (Rule 421(b)(4)).

The defendant's prior performance, both on probation and parole, were unsatisfactory (Rule 421(b)(5)).

Prison Term Analysis:

It is the Probation Officer's opinion that the defendant should receive consecutive sentencing on these two crimes. The rationale for this opinion is based on the following rules: The crimes involve separate acts of violence or threats of violence (Rule 425(a)(2)). The crimes involve multiple victims (Rule 423(a)(4)). The Probation Officer recognizes that the defendant accomplished the kidnap to perform the robbery, and this would tend to indicate a single period of aberrant behavior (Rule 425(a)(3)). It would also tend to make the objectives of the two crimes interdependent and this would contradict Rule 425(a)(1), which rule is a basis for consecutive sentencing. Hence, it is clear, that the closeness in time and the single purpose of the crime would suggest concurrent sentencing. The Probation Officer takes the position that the defendant's very bad prior record of violence marks him as a most dangerous individual from whom the public requires protection and, therefore, that he should be incarcerated the longest possible time, and this would come under Rule 425(b) - any circumstances in aggravations. Additionally, it is obvious the defendant could have performed the robbery without the use of the hostage, that he was trying to gain added protection for himself and a means of intimidating the victims into submitting to his will. In adopting that tactic, the defendant used reason, it is not just simply a case of his having encountered a potential hostage, such as a customer waiting in the store, but rather, instead, he forced the hostage to go with him into the store and then to leave with him. The Probation Department is of the opinion that consecutive sentencing is very much in order for the purpose of protecting public safety (Rule 410(a).

It is the Probation Officer's understanding that the kidnapping has an indeterminate term of from seven years to life, with seven years being the minimum amount of time until he can be released on parole. Hence, aggravation and mitigation does not bear on the question of that sengence. Furthermore, if the defendant is to receive consecutive sentencing, it is the Probation Officer's understanding the defendant would

RUIZ, George    CR 52779            - 11 -                    5-15-81

serve any possible sentence for the robbery first, and then the life
sentence on the kidnap.  Therefore, in listing these offenses, the
Probation Officer has simply put them in that order.

As to the question of whether the robbery is aggravated or mitigated,
the Probation Officer believes that the listing of mitigants clearly
shows the aggravation far outweighs any possible mitigation.  The de-
fendant appears to be a habitual criminal without any concern for
others.

The Probation Officer refrained from using the weapon allegation
(12022.5 PC) as an aggravant because it is felt that should be added
as an enhancement.  Furthermore, it is also thought that the enhance-
ment connected with the first prior conviction should also be imposed.
It should be noted that if the Court imposes an enhancement for the
prior, that he would receive one-third of the mid-term for that offense,
a violent prior per Section 667.5(a) PC. The prior was robbery and the
mid-term for that is three years; hence, he would receive an additional
year as an enhancement.

Suggested Prison Term:

| Crime | Suggested Base Term | Enhancements | Total Term |
|---|---|---|---|
| 211 PC | 5 years | 3 YRS PER 667.5a ~~1/3 Mid-Term For Prior (211 PC) - 1 Year~~ | 8 ~~8~~ Years |
| 12022.5 - Use of a Firearm | | 2 Years  Total For 211 PC | 2 Years  10 Years |
| 209(b) PC | Indeterminate - 7 Years to Life | None  Total Cumu-lative Term | 7 Years Consec  ~~18~~ Years  17 |

EVALUATION:

In addition to the Judicial Council Rules already mentioned, this analy-
sis is also based on the following rules and/or statutes:

PC 1203.06(a)(1)(v):  In having committed kidnapping with the use of a
handgun, the defendant is ineligible for probation.

PC 1203.06(a)(1)(iii):  In having committed a robbery with the use of a
handgun, probation is prohibited for the defendant.

RUIZ, George    CR 52779            - 12 -                              5-15-81

Other rules considered in the Evaluation are:

410(a): Society requires protection from this defendant, as amply demonstrated by his prior record and habitual criminality involving violence.

410(b):  Punishing the defendant is seen as a most legitimate objective of sentencing in this case.

410(d):  Imposition of a substantial sentence should demonstrate to others the consequences of such conduct.

410(e):  Imposition of consecutive sentencing will prevent the defendant from committing new crimes by isolating him for the period of incarceration.

The significant thing about this defendant is very simple:  at age 38, Mr. Ruiz does not seem to have either recognized the folly of criminal conduct nor gained any appreciation of the harm it does others.  He literally appears to be one who does not learn any lesson and it is painfully obvious that he has been given every opportunity.  One can only conclude that under similar circumstances in the future, the defendant would again resort to criminal behavior to satisfy his own needs, without concern for others.  Therefore, it is felt he should be incarcerated for the longest possible time.

RECOMMENDATION:

As to 211 PC:

That probation be denied and the defendant be committed to State Prison for a term of eight years, with credit for time served of 247 days, including actual custody of 165 days and 82 days PC 4019 Credits.

As to 209(b) PC:

That probation be denied and the defendant be committed to State Prison for the term prescribed by law, with no credit for time served and said term to be served consecutive to any other term imposed.

                                          Respectfully submitted,
Approved                                  CECIL H. STEPPE
       M. GAYLA MATHIEWS                   Chief Probation Officer
        Supervisor                        By:

I have read and considered
the foregoing report.                     JOHN D. JOHNSON
                                          Senior Probation Officer


JUDGE OF THE SUPERIOR COURT
JDJ:mjs

DEPARTMENT OF CORRECTIONS                                                    STATE OF CALIFORNIA
                        SUPPLEMENTAL PAROLE VIOLATION REPORT

CHARGE SHEET        DATED 11-20-80 and 12-10-80                    Page 1 of 5  Page Report

              ADDITIONAL CHARGE                                   Charge Number
                                                                       #6

(Name)
      George Ruiz                    VIOLATED CONDITION    4    OF THE CONDITIONS OF

PAROLE BY THE ACT OF:    kidnapped and carried away an individual to commit the act of
                         robbery using threats and a firearm to complete act

WITNESSES:

(1) Bruce Peckham, 2914 McCall Street, San Diego, California  92106
                    Phone:  222-5525
(2) Ken Creese, San Diego Police Department Robbery, ID #1208

On 12-2-80 at 1915 hours Peckham exited "The Village Store", 1145
Rosecrans Blvd., San Diego and got into his Pickup truck when a male
mexican approached the truck from the driver's side.  He then held up
a handgun to the left side of      Peckham's head and said "you look at
me and I'm gonna blow you away."  He then asked Peckham if he worked
there and when Peckham said no he asked how many employees were on
duty.  Peckham advised "two" at which time the suspect ordered Peckham
out of his vehicle and said "Let's go in the store, we're gonna rob
the place - do what your told and no one will get hurt."  During this
time he stood slightly to the rear of Peckham,held him with his left
hand and the gun in his right hand as he walked Peckham in through the
front door and proceeded to commit an act of robbery.  During the
subsequent investigation Ruiz was positively ID'd by victim.

A complaint charging him with 209(h) P.C. Kidnap and 12022.5 P.C. (Using
gun to commit a felony).  A preliminary hearing was held on 12-30-80 in
San Diego Municipal Court, #15 at which time he was held to answer and
the case is scheduled for arraignment in Superior Court on 1-21-81.

PAROLEE'S STATEMENT:

None available.

| Date of Arrest | Date Located or Hold Placed | Date Hold Removed | Booking Number |
|---|---|---|---|
| 12-5-80 | 12-5-80 | | 303446 |
| Court | Judge | Case No. | Available |
| S.C. Arraignment 1-12-81 | | F-66531 | |
| Current Location | | | |
| San Diego County Jail | | | |
| Court Disposition | | | |
| Pending | | DRD: 6-30-81 | |
| Eloise Donohue, Parole Agent I | | | Date 1-7-81 |
| Name RUIZ, George | | Number B-82089 | Unit SD#1/em/1/7/81 |

CDC 1521-B (Rev. 1/78)                                        57572-750 1-78 125M OSP

Case 3:07-cv-04804-JSW   Document 8-3   Filed 04/15/2008   Page 15 of 18

CHARGE SHEET    SUPPLEMENTAL REPORT TO VIOLATION REPORT
DATED 11-20-80 and 12-10-80

| | Page __2__ of __5__ Page Report |
|---|---|

ADDITIONAL CHARGE

| | Charge Number #7 |
|---|---|

(Name)     George Ruiz          VIOLATED CONDITION    4    OF THE CONDITIONS OF

PAROLE BY THE ACT OF: using a firearm and fear to take personal property from the person and possession of another

WITNESSES:

(1) Mark Mairot, 4711 Lotus, San Diego, Ca. 92107 - 222-8586
(2) Ken Creese, San Diego Police Dept., Robbery Detail - ID #1208

On 12-2-80 at 1915 hours a male mexican suspect entered the Village Store at 1145 Rosecrans. He was holding a gun to another man's head (Peckham- victim in Charge #6) so that Clerk, Mark Mairot and Scott Hoff could see it and Peckham told them "he's here to rob the place". He had one of the clerks place coins and currency in a paper bag and also got four cartons of cigarettes - total loss approximately $418.00. A telephone rang in the store and he apparently thought it was an alarm so took Peckham outside and told him to start walking and not look back. Peckham could then hear him running down the street. Another witness who drive in at that time saw him get into a small vehicle about a block away. Ruiz was later identified by all three victims.

A complaint charging Ruiz with 211 P.C. Robbery and 122022.5 P.C. (Gun) has been charged as well as 667.5 P.C., prior violent felony conviction Preliminary hearing was held in San Diego Municipal Court on 12-30-80 and he is scheduled for Superior Court arraignment 1-12-81, case #F66531

PAROLEE'S STATEMENT:

None.

| Date of Arrest 12-5-80 | Date Located or Hold Placed 12-5-80 | Date Hold Removed | Booking Number 303446 |
|---|---|---|---|
| Court SC Arraignment 1-12-81 | Judge | Case No. F 66531 | Available |
| Current Location San Diego County Jail | | | |
| Court Disposition Pending | | | DRD: 6-30-81 |

| Eloise Donohue, Eloise Donohue, Parole Agent I | | | Date 1-7-81 |
|---|---|---|---|
| Name RUIZ, George | | Number B-82089 | Unit SD#1/em/1/7/81 |

CDC 1521-B (Rev. 1/78)                                              57572-750 1-78 125M OSP

DEPARTMENT OF CORRECTIONS                                          STATE OF CALIFORNIA

CHARGE SHEET

SUPPLEMENTAL    PORT TO VIOLATION REPORTS
DATED 11-20-8_ and 12-10-80

| | Page __3__ of __5__ Page Report |
|---|---|
| | Charge Number #3 |

ADDITIONAL CHARGE

Name)     George Ruiz          VIOLATED CONDITION      5      OF THE CONDITIONS OF

AROLE BY THE ACT OF:  having in his possession a handgun

WITNESSES:

(1) Bruce Peckham, 2914 McCall Street, San Diego, California 92106
                Phone:  222-5525
(2) Mark Mairot, 4711 Lotus, San Diego, Ca. 92107 - 222-8586

In the commission of the charges indicated in six and seven the suspect
later identified as George Ruiz was armed with a chrome semi-automatic
handgun.  The gun has not been recovered but all three victims can
positively ID Ruiz  as the suspect with the gun.

As indicated penal code charges pertaining to the gun have been filed
and he is scheduled for arraignment in Superior Court on 1-12-81,
case # F66531.


PAROLEE'S STATEMENT:

None available.


| ate of Arrest 12-5-80 | Date Located or Hold Placed 12-5-80 | Date Hold Removed | Booking Number 303446 |
|---|---|---|---|
| ourt  Arraignment 1-21-81 | Judge | Case No.  F 66531 | Available |

urrent Location
San Diego County Jail

ourt Disposition
Pending                                                          DRD:  6-30-81

| _Eloise Donohue_ | Eloise Donohue, Parole Agent I | Date 1-7-81 |
|---|---|---|
| ame  RUIZ, George | Number B-82089 | Unit  SD#1/em/1/7/81 |

DEPARTMENT OF CORRECTIONS                                    STATE OF CALIFORNIA

CASE SUMMARY

| | |
|---|---|
| | Page __4__ of __5__ Page Report |

Parole Adjustment

Subject is still in San Diego County Jail awaiting dispostion on his many court cases.

| | | | |
|---|---|---|---|
| Signature of Parole Agent | *Eloise Donohue* Eloise Donohue, Parole Agent I | | Date  1-7-81 |
| Name  RUIZ, George | | Number  B-82089 | Unit  SD#1/em/1/7/81 |

53116 – 750  100 M  OSP

RECOMMENDATION REVIEW DECISION SHEET

| | |
|---|---|
| | Page __5__ of __5__ Page Report |

Recommendation

Reaffirm Schedule for Revocation Proceedings.

| Signature of Parole Agent | Date |
|---|---|
| Eloise Donohue, Parole Agent I | 1-8-81 |

Unit Supervisor's Comments

Subject is currently in custody pending revocation proceedings
scheduled for 1-14-81.  I concur in the recommendation to reaffirm
this action and add these additional charges.

| Signature of Unit Supervisor | Date |
|---|---|
| Byron M. Arnold, Unit Supervisor | 1-7-81 |

District Administrator's Comments

Schedule for revocation proceedings.

| Signature of District Administrator | | Date |
|---|---|---|
| Howard R. Loy, District Administrator | | 1-8-81 |

| Name | Number | Unit |
|---|---|---|
| RUIZ, George | B-82089 | SD#1/em/1/7/81 |

53113-750-7-77 100M OSP