FILED
MAY 14 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO - DIVISION

GEORGE RUIZ,
Petitioner,
vs.
ROBERT HOREL, Warden,
Respondent.

CASE NO.: C07-4804 J.S.W.

Petitioner's Memorandum Of Points and Authorities In Support Of Motion For Appointment Of Counsel, and/or, To Conduct Limited Discovery [pet. Habeas L-R# 2254-5]

George Ruiz, B# 82089
P.O. Box# 7500/D1-220
Crescent City, Cal. 95532
Petitioner, In pro-se

TABLE OF CONTENTS

I. Introduction

PAGE

II. Request for Counsel 1-3

III. Request To Conduct Discovery 3

A. Respondents Answer To The Petition 4-11

(1) Respondents Focus Most Of Their Answer On Claim Two 4

(2) As For Claim One 4-6

(a) The Fourth District Court of Appeal Misapplied The Facts and Evidence. 6-8

(b) The Fourth District Court of Appeal Decision, as well as Respondents Answer, Misapplies The Leading U.S. Supreme Court Law Re: Claim One 6-7

7-8

B. Petitioner Seeks The Ability To Conduct The Following Discovery 8

C. Legal Points Supporting Discovery 9-11

IV. Conclusion 11

TABLE OF AUTHORITIES

| CASE | PAGE |
|---|---|
| B.P.T. v. Superior Court, 130 Cal. App. 4th 1212 [2005] | 11 |
| Edwards v. Balisok, 520 U.S. 641, 648 [1997] | 7 |
| Everett v. Superior Court, 104 Cal. App. 4th 388, 393 [2002] | 10 |
| Garner v. Jones, 529 U.S. 244, 255-257 [2000] | 9 |
| Hayward v. Marshall, 512 F.3d 536, 543 [9th Cir. 2007] | 4, 6-7 |
| In re Rosenkrantz, 29 Cal. 4th 616, 647 | 7 |
| International Brotherhood of Teamsters v. U.S., 431 U.S. 324, 338-40 [1977] | 9 |
| Irons v. Carey, 2007 W.L. 2027359, at *3 [9th Cir 2007] | 7 |
| Miller-El v. Cockrell, 537 U.S. 322 [2003] | 10 |
| Sass v. Cal. Bd of Prison Terms, 461 F.3d 1123, 1128-29 [9th Cir 2006] | 7 |
| Superintendent v. Hill, 427 U.S. 445, 457 [1985] | 7 |
| USPS Bd. of Governors v. Aikens, 460 U.S. 711 n.#2, 716-717 [1983] | 9 |
| Valandingham v. Bojorquez, 866 F.2d 1135 [9th Cir. 1989] | 11 |
| Withrow v. Larkin, 421 U.S. 35 [1975] | 8 |
| Wolff v. McDonnell, 418 U.S. 539, 558 [1974] | 7 |
| Habeas L-R # 2254-5 | 1 |

George Ruiz, #B82089
Box 7500/D1-220
Crescent City, Cal. 95532
Petitioner, In pro-se-it

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO - DIVISION

GEORGE RUIZ,
Petitioner,
vs.
ROBERT HOREL, Warden,
Respondent.

CASE No. C07-4804 J.S.W.

Petitioner's Memorandum Of Points and Authorities In Support Of Motion For Appointment Of Counsel, and/or To Conduct Limited Discovery

Petitioner George Ruiz, respectfully submits this Memorandum of Points and Authorities In Support Of The Motion For Appointment Of Counsel, and/or, To Conduct Limited Discovery [Leave of the Court to be permitted to conduct limited Discovery is sought per Habeas L-R #2254-5]

I.

INTRODUCTION

Petitioner Ruiz is incarcerated in the (CDCR), housed in Pelican Bay State Prism, Security Housing Unit [PBSP-SHU]; serving an indeterminate (15) year-to-life sentence following his 1981 conviction in San Diego County for robbery and kidnaping to commit robbery.

On September 18, 2007, Petitioner's "Petition for Writ of Habeas Corpus"

was filed in the above Court. Prior to this, Petitioner exhausted all of his available state court avenues for relief, via the submission of the Petition before the Superior Court of San Diego; The Fourth District Court of Appeal; and The California Supreme Court. At each level he sought an Evidentiary Hearing; and, at each level his petition was denied without any order(s) to show cause, nor evidentiary hearing.

In the last descriptive ruling, the Fourth District Court of Appeal denied the Petition on Feb. 27, 2007; stating, there was "some evidence" to support the Board of Parole Hearings' [BPH] May 9, 2006 decision to find him unsuitable for a parole date; and, there was no evidence the (BPH) has a no-parole policy for (SHU) inmates.

Petitioner raises the same claims before this Court; he alleges that, his federal due process rights were violated because there is no evidence supporting the [BPH's] May 9, 2006 Denial, because there is no evidence demonstrating he is currently a threat to public-safety. [See Petition, pg #6]

Additionally, he alleges the (BPH) has a predetermined, no-parole policy for inmates subject to indefinite (SHU) status for administrative reasons; and predicates meaningful parole consideration for such inmates, including petitioner, upon their agreement to become an informant for (CDRC), and thereby gain release from (SHU) [it boils down to a catch-22/Hobson's Choice of ... ① Do Life Without Parole and Die in SHU; ... or, agree to become a (CDCR) informant against the Mexican Mafia, and thereby obtain your release from (SHU), and thereby have a good chance to parole; ... irregardless of the risks such informant status carries. Petitioner submitted evidence of this actually being stated to him in several Board hearings. [See Petition, pg #6]

This Federal Petition is based on the position that, the State Court

decision constitutes a misapplication of controlling U.S. Supreme Court Law; as well as a, misapplication of the law, facts and evidence, relevant to the claims presented. [See Petition, pgs #16-19]

On January 30, 2008, this Court issued an "Order To Show Cause"; on April 22, 2008, Petitioner recieved the Respondents "Answer". Petitioner now moves the Court for consideration of his request for appointment of counsel and/or, to permit limited discovery, which is necessary to prepare his Traverse and support his claims for reasons stated below.

## II.

## REQUEST FOR COUNSEL

Petitioner is proceeding pro-se on the Petition, he has presently been incarcerated for over (26) years, on a (15) year-to-life sentence for a robbery-kidnap, wherein none of the victims were physically harmed.

The (BPH) panels who have presided over his "parole eligibility hearings," have told him flat out [and/or clearly implied] that, so long as he is in (SHU) he will not be paroled - period. These panels have all known that his only real means for gaining release from (SHU) is for him to become an informant. It boils down to,... become an informant, and you'll probly get a parole date... otherwise, you'll die in (SHU).

Petitioner has a fifth grade education, with very limited reading ability; the only way he has been able to present the Writs to challenge the (BPH) policies and practices is via assistance from another prisoner in his housing Pod. This prisoner's ability to assist Petitioner is limited due to disability issues. [See: Ruiz Decl., para #2-3; and Ashker Decl., para. # 2-4]

The allegations in the Petition, if proven, entitle Petitioner to relief [See below section on discovery issue, for summary of supporting law], based on the above facts and circumstances, Petitioner respectfully moves the Court to exercise its discretion and appoint counsel at this time.

III.

REQUEST TO CONDUCT DISCOVERY

In this case the Petitioner presents two claims, as follows:

Claim One: The (BPH) operates a policy to find all (SHU) lifers unsuitable for parole; and expect (SHU) inmates to debrief [become informant] and get out of (SHU), or die in (SHU) – a catch 22 of being and informant, or do life without parole in (SHU) [Petition, pg.# 6]

Claim Two: There was "no evidence" to support the (BPH's) May 9, 2006 decision to deny Petitioner a parole date at his [7th] hearing [Pet., pg# 6]

A. Respondents Answer To The Petition

(1) Respondents focus most of their answer on claim #2; their position is essentially, ... the Federal court has no authority over state court (BPH) decisions; the state court rulings on the petition must be upheld; and, "some evidence" supports the (BPH) May 9, 2006 decision to find Petitioner Ruiz unsuitable for parole [i.e. the immutable factors recited by all (7) Board Hearings between 1992 – 2006, ... the crime; prior criminal history; inability to program, due to indefinite (SHU) housing; gang label. See Answer, pp# 5-7, 10-11] Petitioner submits that the Respondents position is not sustainable per. Hayward v. Marshall, 512 F.3d 536, 543 [9th Cir. 2007], and long list of state and federal rulings referenced therein, holding ... the "findings that are necessary to deem a prisoner unsuitable for parole... are not that a particular factor or factors indicating unsuitability exist, but that a prisoner's release will unreasonably endanger public safety." In fact, 'some evidence of the existence of a particular factor does not necessarily equate to some evidence that the prisoner's release unreasonably endangers public safety.'" [internal quotation marks and citations omitted]

There is simply no evidence to support a finding that Petitioner presents an "unreasonable endangerment to public safety." As supported by the undisputed

statements detailed in the Declaration of Ruiz, filed on Sept. 18, 2007 in support of the Petition:

(a) The crime, and prior criminal history are over (26) years ago; and were related to his addiction to drugs. Such addiction is no longer an issue, as there is no evidence of drug or alcohol use for (22) years [Ruiz Decl.]

(b) Although (CDCR) has had him classified as an associate/member of the Mexican Mafia since the (1970's), he has never been charged-found guilty of a single, gang-related illegal act [Ruiz Decl., 18-19; 27(B)]

(c) Petitioner's (26) years of indefinite (SHU) housing, has been solely for administrative reasons [the gang classification, i.e. based on "status"] rather than behavior. In the (SHU) he has not been able to "program" because such "programming" is not available. This includes an absence of tutorial aid, for reading, necessary to be able to pursue education, like GED [Ruiz Decl.]

(d) Petitioner's (26) years of incarceration have been virtually free of rule violations; and the (3) rule violations he was found guilty of were minor, the last one being in (1986) for homebrew. When he has been allowed to be in General Population, he programmed [Ruiz Decl. para # 15-16]

(e) Petitioner has viable parole plans, ... he has strong family support, a place to live, and employment [Ruiz Decl., attached exh. # 7, Memorandum]

On May 9, 2006 the (BPH) Panel found him unsuitable for parole based on "... public information [the District Attorney's opposition to parole]," and "the fact that you have been unable to program for such a long time and don't have alot of things in place that you would need in order for us to be comfortable that you would do well once you were released" [Ruiz Decl., para # 26, referencing BPH-Transcript, Exh. # 7 attached to Decl., at p. # 46]

This "decision" does not comport with due process because the (BPH) failed to provide a link as to how Petitioner's inability to "program" for

for such a long time, constitutes some evidence that his release would pose an unreasonable danger to public safety.

The District Attorney's opinion – recommendation that parole be denied is not "evidence". And, the evidence shows Petitioner has viable parole-plans and strong support. Thus, the denial of parole denied him due process [per. Hayward, supra]

(2) As for Claim One, Respondents only reference – response in their answer to this claim is to the Fourth District Court Of Appeal Decision, stating ... there was no evidence that the Board had a no-parole policy for (SHU) inmates; nor evidence the Board requires (SHU) inmates to become informants before being found suitable for parole [See "Answer" at p #4:17-22; and p. 11:13-18]

Again, Respondents position is not sustainable as demonstrated by the following:

(a) The Fourth District Court Of Appeal Decision misapplied the facts and evidence. Specifically the Court stated Petitioner "failed to state a prima facie case for relief... Furthermore, there is no evidence that the Board has a blanket policy of denying parole to SHU inmates..." [Answer, EXH. 'G' pp 4-5]

Petitioner did in fact state a prima-facie case for relief via his detailed declaration submitted in support of each Petition he has filed. In the Declaration he specifically declared that ... "During the past (16+) years in (PBSP-SHU) I have not heard of a single prisoner serving a term-to-life sentence, being deemed suitable for parole" (Decl. para # 28) This has been, and remains undisputed. [See Petition at pgs # 16-18, also] Petitioner also submitted all (7) (BPT-BPH) transcripts of his Board hearings between 1992 – 2006, as exhibits to his declaration. And he incorporated quotes from each of these transcripts, which

demonstrate the Board's expectation that he "debrief," and get out of (SHU) if he ever wants to be able to get out of prison, and spend time around his family – grand children [Decl. para # 24-27]

This is valid evidence meeting the standard of a prima-facie showing, meriting appointment of counsel [in State Court, per. Penal-Code], an Order To Show Cause and Evidentiary Hearing. This did not happen, and this issue was never fully developed in the State Court necessitating Federal Court review. [See Petition, pgs # 16-19]

(b) The Fourth District Court Of Appeal Decision, as well as the Respondents Answer, misapplies the leading U.S. Supreme Court laws relevant to Claim One.

As held in Hayward, supra, 512 F3d 536, . . ", We have held that 'the Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process with respect to this interest if the board's decision is not supported by 'some evidence in the record,' or is 'otherwise arbitrary' Irons v. Carey, No 05-15275, 2007 WL 2027359, at 3 [9th Cir 2007] [quoting Hill, 472 US at 457; Sass, 461 F3d at 1128-29]

A decision made by a fact-finder who has predetermined the outcome is per-se invalid -- even where there is amble evidence to support it. Edwards v. Balisok, 520 U.S. 641, 648 [1997]; accord in In re Rosenkrantz, 29 Cal. 4th 616, at 677 [parole decision "must reflect an individualized consideration of the specified criteria and cannot be arbitrary and capricious"]

The fundamental core of due process is protection against arbitrary action Wolff v. McDonnell, 418 U.S. 539, 558 [1974]; Concomitant to the guarantee against arbitrary and capricious state action is the right to a fact-finder who has not predetermined the outcome of a hearing.

Withrow v. Larkin, 421 US 35 [1975] [a fair trial in a fair tribunal is a basic requirement of due process, and this rule applies to administrative agencies which adjudicate as well as to courts].

Petitioner alleges the (BPH) has predetermined the outcome of each one of his prior parole eligibility hearings because the Board has an unwritten policy to deem all (SHU) lifers unsuitable for parole, and predicate meaningful parole consideration upon (SHU) prisoner's willingness to become informants and obtain release from (SHU). Each of the prior (BPH) hearings have been a sham, because the outcome is predetermined; this is a denial of due process.

Petitioner therefore moves the Court to allow the following limited discovery to proceed so that he can obtain additional evidence to support Claim One.

B. Petitioner Seeks The Ability To Conduct The Following Discovery

(1) Respondents production of the names and numbers of all (CDCR-SHU) inmates who are similarly situated [indeterminate SHU-housing for administrative reasons, serving term-to-life sentences, and eligible for a parole date]

[2] Permission to contact and obtain declarations; and documentary evidence from similarly situated inmates [described in #1 above, such documentary evidence being the same kind attached to Petitioner's Declaration In Support Of Petition]

[3] Respondents production of the (BPT-BPH) hearing transcripts for all similarly situated inmates, parole eligibility hearings for time period of Jan. 1, 1990, to the present.

C. Legal Points Supporting Discovery

The above discovery is necessary in order to fully develope and prove the allegations relevant to Claim One. The relevant case law and argument below, supports Petitioner's request.

The U.S. Supreme Court found that the lower court erred in not considering the parole board's internal policy statements ..."At a minimum, policy statements, along with the Board's actual practices, provide important instruction as to how the Board interprets its enabling statute and regulations, ... It is often the case that an agencies' policies and practices will indicate the manner in which it is exercising its discretion." The Court remanded the prisoner's case challenging frequency of parole board hearing changes on ex post facto grounds, with instruction to allow the opportunity to engage in discovery to support his claims [Garner v. Jones, 529 U.S. 244, 255-257 [2000]].

In the descrimination and bias case of USPS Bd of Governors v. Aikens, 460 U.S. 711 n.#2, 716-717 [1983], the Court acknowledged "There will seldom be 'eye witness' testimony as to the mental processes" of the allegedly biased decision maker. Instead, an examination of other cases for trends or patterns can provide the necessary circumstantial evidence. Reaffirming that such circumstantial evidence will be sufficient the Court stated: "The Law often obliges Finders of Fact to inquire into a person's state of mind. As Lord Justice Brown said in treating this problem in an action for misrepresentation nearly a century ago,' The state of a man's mind is as much a fact as the state of his digestion. It is true that it is very difficult to prove what the state of a man's mind at a particular time is, but if it can be ascertained it is as much a fact as anything else'."

In International Brotherhood of Teamsters v. U.S., 431 U.S. 324, 338-340 [1977], the Court reaffirmed that statistical evidence, of sufficient "proportions," can be sound and compelling proof. As noted by the Court

in Everett v. Superior Court, 104 Cal. App. 4th 388, 393 [2003], and cases cited therein, "Courts regularly have employed statistics to support an inference of intentional discrimination".

More recently, the U.S. Supreme Court, in Miller-EL v. Cockrell, 537 U.S. 322 [2003], when examining a habeas petitioner's allegations that the prosecutor was illegally using his peremptory challenges to exclude African-Americans from the petitioner's jury, noted that "The statistical evidence alone" was compelling. The High Court analyzed the numbers and concluded: Happenstance is unlikely to produce this disparity."

In Petitioner's case Claim One raises allegations that the (BPH) has an unwritten policy-practice of having predetermined the outcome of all (SHU) prisoners in similar circumstances to those of petitioner. Such an arbitrary, capricious, class based-predetermined decision making practice is a violation of due process; especially when the statutory law concerning California's term-to-life (BPH) hearing process mandates individual consideration of all enumerated factors, at each eligibility hearing.

Thus, the sole means of obtaining evidence to prove the existence of this unwritten policy is via evidence of (BPH) practices applied to similarly situated prisoners.

This is not a fishing expedition, Petitioner submits the declaration of Todd Ashker, who is challenging the same (BPH) policies via 42 USC §1983 and he incorporates some examples of excerpts from other prisoners (BPH) hearings, wherein the (BPH) told them they needed to debrief and get out of (SHU) if they ever hoped to get a parole date. As well as examples of inmates who have debriefed, gotten out of (SHU) and were found suitable for parole [Ashker Decl., paras # 6-8

Also, an order permitting Petitioner to conduct limited discovery is needed so that he can contact and obtain declarations from similarly situated

prisoner. This is per. (PBSP-SHU) rules and regulations [See Ashker Decl, para #5]

Noteably, pro-se prisoners have the right to undertake legal investigation and documentation of their claims as an attorney would subject to limited, legitimate security considerations. Valandingham v. Bojorquez, 866 F2d 1135 [9th Cir 1989]

Many Courts have ordered the (BPT-BPH) to produce the hearing transcripts of thousands of hearings, finding such evidence relevant to inmates Habeas Corpus claims challenging (BPT-BPH) policies and practices. [Examples being: Coleman v. BPT et al., E.D. Cal. #97-0783, finding a "NO PAROLE POLICY"; BPT v. Superior Court, 130 Cal App 4th 1212 [2005]; Brodheim v. DiNinni, et al., U.S.D.C. - E.D. Cal. # 2:05-CV-1512; Santa Clara Superior Court, 2005-2008, In re Harris #58135; In re Criscione #71614; In re Bragg #108543]

If Petitioner is not permitted the ability to obtain the discovery evidence requested above [pg #8], his ability to prove Claim One will be virtually non-existent [Ruiz Decl., para #4 ; Ashker Decl., para #9]

IV.

CONCLUSION

Having demonstrated good cause based on the motion, memorandum of authorities, supporting declarations, and file-record in this case, the Petitioner respectfully requests the Honorable Court Grant the motion, and thereby appoint counsel, and/or, permit limited discovery in this case.

Dated May 4, 2008

Respectfully Submitted,

George Ruiz

George Ruiz, Petitioner

In pro-se