EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
AMANDA J. MURRAY, State Bar No. 223829
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5741
 Fax: (415) 703-5843
 Email: Amanda.Murray@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GEORGE RUIZ,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>ROBERT HOREL, Warden,<br><br>　　　　　　　　　　Respondent. | C07-4804 JSW<br><br>**RESPONDENT'S REQUEST FOR RECONSIDERATION OF RUIZ'S REQUEST FOR DISCOVERY BECAUSE IT DOES NOT COMPLY WITH 28 U.S.C. §2254**<br><br>Judge:　The Honorable<br>　　　　　Jeffrey S. White |

## INTRODUCTION

California inmate George Ruiz, serving a life sentence for murder, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' 2006 decision denying him parole. In the only claim relevant here, Ruiz alleges that the Board has a no-parole policy for inmates housed in the Pelican Bay State Prison's secure housing unit. (*See generally*, Petn.) To help prove his claim, Ruiz filed a successful motion to conduct discovery: (1) requiring Respondent to produce the names and prison identification numbers of all inmates who are "similarly situated," *i.e.*, inmates who have an indeterminate term in the

prison's secure housing unit for administrative reasons, are serving term-to-life sentences, and are eligible for parole; (2) granting Ruiz permission to contact and obtain declarations and documentary evidence from similarly situated inmates; and (3) requiring Respondent to produce parole consideration hearing transcripts for all similarly situated inmates from January 1, 1990 to present. (*See* Petitioner's Notice of Motion and Motion to Conduct Limited Discovery at p.8.) The order granting discovery should be vacated because it does not comply with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, only documents this Court may review in determining whether Ruiz is entitled to federal habeas relief are those that were before the state courts, and the parties have already provided this Court with these documents. Moreover, requiring Respondent to produce the information in Ruiz's request is unduly burdensome.

## ARGUMENT

### I.

**Ruiz's Discovery Request Is Improper Order Because in Reviewing the State Courts' Decisions Under AEDPA, the Court Must Look Only at the Record that Was Before the State Court.**

Ruiz's discovery request is contrary to law because it fails to consider the limited scope of this Court's habeas review of state court decisions under AEDPA. Since Congress enacted AEDPA, "the availability of federal habeas relief for prisoners contesting their detention after state adjudication on the merits" has been "markedly reduce[d]." *Crater v. Galaza*, 491 F.3d 1119, 1122 (9th Cir. 2007). Under AEDPA, it is well settled that federal habeas relief is only available where a state court ruling denying habeas relief was (1) contrary to, or an unreasonable application of, Supreme Court law, or (2) based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding. 28 U.S.C. § 2254(d). The Supreme Court has made clear that in conducting an AEDPA review of the state courts' decisions, a federal court may only consider the state court record. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) ("whether a state court's decision was unreasonable must be assessed in light of the record the [state] court had before it"); *Miller-El v. Cockrell*, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court");

*Bell v. Cone*, 535 U.S. 685, 697 n.4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Here, Ruiz's discovery request seeks to expand the record and present new evidence to this Court that was not considered by the state courts. Indeed, the Court's order fails to give AEDPA deference to the state courts' express rejection of Ruiz's allegation that the Board has a no-parole policy for inmates housed in the secure housing unit when it upheld the Board's decision denying him parole. (*See* Answer to Petition for Writ of Habeas Corpus [Answer] at Ex. G, First Appellate District's Court Order, p. 5.) The state court specifically found that there was no evidence supporting Ruiz's claim. (*Id.*) Rather, the state court found that the Board "carefully considered Ruiz's individual circumstances in assessing his suitability for parole" and that the Board had suggested several self-help programming options used by other inmates housed in the secure housing unit to help Ruiz improve his chances for parole in the future. (*Id.*) Accordingly, to the extent the some-evidence standard applies, because there is some evidence in the record supporting the state courts' decision denying Ruiz's claim, there is no good cause for allowing Ruiz to conduct additional discovery. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (applying the some-evidence test in the prison disciplinary context). Moreover, even if this Court could independently review the evidence, the Court is limited to the record that was before the state courts and any additional evidence would be irrelevant under the some-evidence standard of review. As such, Respondent respectfully requests that the Court vacate its Order.

## II.

**Respondent Has Provided the Relevant State Documents Under Rule 5 of the Federal Rules Governing Section 2254 Cases.**

Under Rule 5 of the Federal Rules Governing Section 2254 Cases, the respondent is required to provide relevant portions of the state court proceedings. Rule 5 provides that an answer to a habeas petition "must [] indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available." Further, the respondent must attach relevant portions of the transcripts from the state court proceedings to the answer. The rule does not require Respondent to submit documents that were not provided to the state courts for resolution

of Ruiz's claims. This distinction is understandable when one considers that Rule 5 acts as the mechanism for providing the district court the documents necessary to conduct an AEDPA review of the state courts' decision. *See Flamer v. Chaffinch*, 774 F.Supp. 211, 215 n.4 (D.Del. 1991). Without the relevant state court documents, the district court would be unable to determine whether the state courts' decision was contrary to or an unreasonable application of clearly established federal law. But, as stated above, AEDPA prohibits the district court from reviewing anything except the record before the state court in making this determination. Accordingly, the rule does not, and indeed cannot, require the respondent to submit records that were not before the state court. Respondent filed the state court dispositions (Answer at Exs. F-H) and thus, complied with its obligations under Rule 5. As such, this Court's order should be vacated.

## II.

### Ruiz's Discovery Request Is Unduly Burdensome.

Requiring Respondent to comply with Ruiz's discovery request is excessively burdensome. In order to comply with Ruiz's discovery request, prison staff will have to review each inmate currently housed in the secure housing unit (of which there are approximately 1100) and determine whether they are housed in that unit for administrative reasons, if they are serving a term-to-life sentence, and if they are eligible for parole. Moreover, Board staff will need to copy the parole hearing transcript for each of these inmates for the past 18 years (1990 to present) and provide them to Respondent's counsel.[1] Then, the transcripts will need to be reviewed by counsel and a copy will need to be produced to Ruiz. The entire process will take many days. Finally, there are institutional safety and security concerns with allowing Ruiz — a validated Mexican Mafia gang member (Petn. at Ex. D, pp. 19-20) — the opportunity to contact and collect declarations and documentary evidence from other inmates housed in the prison's secure

---

1. Further, it is unclear whether Ruiz's discovery request applies only to inmates housed in the Pelican Bay State Prison secure housing unit (where Ruiz is currently incarcerated) or whether the request applies to all secure housing units within the California Department of Corrections and Rehabilitation.

Req. for Reconsideration of May 28, 2008 Order                                          *Ruiz v. Horel*
                                                                                        C07-4804 JSW

4

housing unit. (Cal. Code Regs., tit. 15, §§ 3023, 3341.5, subd. (c)) This entire process would be exceedingly time consuming, excessively burdensome, and potentially threatening to the prison's safety and security — especially when balanced with the fact that these documents are not properly before the Court under AEDPA.

## CONCLUSION

The District Court's order is contrary to law because it exceeds the proper scope of federal habeas review under AEDPA and the parties have already provided all the documents necessary to determine whether the state court decisions were contrary to, or an unreasonable application of, clearly established federal law. Further, the District Court's order is unduly burdensome. As the order is contrary to law, Respondent requests that the order be vacated.

Dated: May 30, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

AMANDA J. MURRAY
Deputy Attorney General
Attorneys for Respondent

40259034.wpd
SF2008400470

Req. for Reconsideration of May 28, 2008 Order

*Ruiz v. Horel*
C07-4804 JSW

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Ruiz v. Horel**

No.:   **C07-4804 JSW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **May 30, 2008**, I served the attached

**RESPONDENT'S REQUEST FOR RECONSIDERATION OF RUIZ'S REQUEST FOR DISCOVERY BECAUSE IT DOES NOT COMPLY WITH 28 U.S.C. §2254**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**George Ruiz, B-82089**
**Pelican Bay State Prison**
**P.O. Box 7500**
**Crescent City, CA 95532**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **May 30, 2008**, at San Francisco, California.

| M.M. Argarin | *[signature]* |
|---|---|
| Declarant | Signature |

40260230.wpd