```
EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
JENNIFER A. NEILL
Supervising Deputy Attorney General
AMANDA J. MURRAY, State Bar No. 223829
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5741
  Fax: (415) 703-5843
  Email: Amanda.Murray@doj.ca.gov

Attorneys for Respondent
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GEORGE RUIZ,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>ROBERT HOREL, Warden. | C07-4804 JSW<br><br>**OPPOSITION TO PETITIONER'S MOTION TO COMPEL DISCOVERY**<br><br>Judge:　The Honorable<br>　　　　　Jeffrey S. White |

## INTRODUCTION

Petitioner George Ruiz moves this Court for an order compelling discovery, which Respondent opposes on the ground that the discovery is improper under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and is contrary to the Court's May 28, 2008 Order which permits discovery only to the extent it conforms with the Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254.[1/] Respondent also opposes the Motion on the grounds

---

   1. Respondent does not dispute that a federal court may authorize a party to conduct discovery under Rule 6 of the Federal Rules Governing Section 2254 Cases.

Opp'n to Pet'r's Mot. to Compel                                       *Ruiz v. Horel*
                                                                     C07-4804 JSW

1

1  that the discovery requests are excessively burdensome, overly broad, and threaten institutional
2  safety and security.

## PROCEDURAL HISTORY

California inmate George Ruiz, serving a life sentence for murder, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' 2006 decision denying him parole. As part of his Petition, Ruiz alleges that the Board has a no-parole policy for inmates housed in the California Department of Corrections and Rehabilitations' (CDCR) security housing units. To help prove his claim, Ruiz filed a successful motion to conduct discovery. Specifically, this Court permitted discovery limited to the issues identified in Ruiz's motion and to the extent that the discovery conformed to the Federal Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254, and the applicable local rules. Ruiz subsequently served Respondent with interrogatories and Respondent provided the following:

INTERROGATORY NO. 1:

Please state the names and CDCR-Identification Numbers of all CDCR-inmates presently housed in the security housing units [SHU] similarly situated to the petitioner [similarly situated inmates specifically encompasses all inmates presently subject to indeterminate SHU-housing status, for administrative reasons, who are also serving term-to-life sentences, and have had at least on parole eligibility hearing].

RESPONSE TO INTERROGATORY NO. 1:

Objection. Respondent objects because this request is improper under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and is contrary to the Court's May 28, 2008 Order which permits discovery only to the extent it conforms with the Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254 in that under AEDPA: (1) the reviewing court must look only at the record that was before the state courts in adjudicating a federal habeas petition; and (2) Respondent has already provided the relevant state documents to the Court as required under Rule 5 of the Federal Rules Governing Section 2254 Cases. Respondent further objects because this request is overly broad in scope and time and unduly burdensome and oppressive given the scope of the request, the time state officials would spend responding to the request, and the

1  potential threat to prison safety and security, especially when balanced with the fact that the
2  response would not properly be before the Court under AEDPA. Respondent further objects
3  because this information is not known by the party to whom the request is propounded.
4  Respondent further objects because this request is not calculated to lead to the discovery of
5  admissible evidence.

     Based on the foregoing objections, Respondent will not provide a response to Interrogatory
No. 1.

INTERROGATORY NO. 2:

     Please state the number of SHU-inmates [similarly situated to the petitioner, as described above] deemed suitable for parole by the [BPT-BPH] during the time period of Jan. 1, 1990 and the present date.

RESPONSE TO INTERROGATORY NO. 2:

     Objection. Respondent objects because this request is improper under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and is contrary to the Court's May 28, 2008 Order which permitted discovery only to the extent it conforms with the Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254 in that under AEDPA: (1) the reviewing court must look only at the record that was before the state courts in adjudicating a federal habeas petition; and (2) Respondent has already provided the relevant state documents to the Court as required under Rule 5 of the Federal Rules Governing Section 2254 Cases. Respondent further objects because this request is overly broad in scope and time and unduly burdensome and oppressive given the scope of the request, the time state officials would spend responding to the request, and the potential threat to prison safety and security, especially when balanced with the fact that the response would not properly be before the Court under AEDPA. Respondent further objects because this request is not calculated to lead to the discovery of admissible evidence. Respondent further objects because this information is not known by the party to whom the request is propounded.

     Based on the foregoing objections, Respondent will not provide a response to Interrogatory No. 2. (Ex. A, Interrogatories.)

1    Ruiz also served Respondent with a Request for Production of Documents, to which
2 Respondent provided the following:
3 <u>REQUEST FOR DOCUMENTS NO. 1</u>:
4    Please produce true and correct copies of all of the Board of Prison Terms [BPT], and Board
5 of Prison Hearings [BPH], parole eligibility hearing transcripts, for all the hearings conducted by
6 the [BPT-BPH] for inmates similarly situated to petitioner, covering the time period of Jan. 1,
7 1990, to the present date.
8 <u>RESPONSE TO REQUEST FOR DOCUMENTS NO. 1</u>:
9    Objection. Respondent objects because this request is improper under the Antiterrorism and
10 Effective Death Penalty Act of 1996 (AEDPA) and is contrary to the Court's May 28, 2008
11 Order which permits discovery only to the extent it conforms with the Rules Governing Habeas
12 Corpus Cases under 28 U.S.C. § 2254 in that under AEDPA: (1) the reviewing court must look
13 only at the record that was before the state courts in adjudicating a federal habeas petition; and
14 (2) Respondent has already provided the relevant state documents to the Court as required under
15 Rule 5 of the Federal Rules Governing Section 2254 Cases. Respondent further objects because
16 this request is overly broad in scope and time, is vague as to the term "inmates similarly situated
17 to petitioner," and is unduly burdensome and oppressive given the scope of the request and the
18 time state officials would spend responding to the request, especially when balanced with the fact
19 that the response would not properly be before the Court under AEDPA. Respondent further
20 objects because these documents are not maintained by the party to whom the request is
21 propounded. Respondent further objects because this request is not calculated to lead to the
22 discovery of admissible evidence.
23    Based on the foregoing objections, Respondent will not provide a response to Request for
24 Documents No. 1. (Ex. B, Request for Production of Document.)
25 //
26 //
27 //
28 //

# ARGUMENT

## I.

### RUIZ'S DISCOVERY IS IMPROPER UNDER AEDPA AND CONTRARY TO THE COURT'S MAY 28, 2008 ORDER.

**A. Ruiz's Discovery Requests Are Improper Because in Reviewing the State Courts' Decisions Under AEDPA, the Court Must Look Only at the Record that Was Before the State Court.**

Respondent objects to each of Ruiz's discovery requests because they are improper under AEDPA and contrary to the Court's May 28, 2008 Order which permits discovery only to the extent it conforms with the Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254 in that under AEDPA: (1) the reviewing court must look only at the record that was before the state courts in adjudicating a federal habeas petition; and (2) Respondent has already provided the relevant state documents to the Court as required under Rule 5 of the Federal Rules Governing Section 2254 Cases. (Exs. A-B.) Respondent further objects because the discovery requests are not calculated to lead to the discovery of admissible evidence. (*Id.*)

Ruiz's discovery requests are contrary to AEDPA and the Court's Order because the Court's review of state court decisions under AEDPA is limited in scope. Since Congress enacted AEDPA, "the availability of federal habeas relief for prisoners contesting their detention after state adjudication on the merits" has been "markedly reduce[d]." *Crater v. Galaza*, 491 F.3d 1119, 1122 (9th Cir. 2007). Under AEDPA, it is well settled that federal habeas relief is only available where a state court ruling denying habeas relief was (1) contrary to, or an unreasonable application of, Supreme Court law, or (2) based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding. 28 U.S.C. § 2254(d). The Supreme Court has made clear that in conducting an AEDPA review of the state courts' decisions, a federal court may only consider the state court record. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) ("whether a state court's decision was unreasonable must be assessed in light of the record the [state] court had before it"); *Miller-El v. Cockrell*, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); *Bell v. Cone*, 535 U.S. 685, 697 n.4 (2002) (declining to consider evidence not presented to state

1  court in determining whether its decision was contrary to federal law).

2      Here, Ruiz's discovery requests seek to expand the record and present new evidence to this
3  Court that was not considered by the state courts. Indeed, because this Court is required to give
4  AEDPA deference to the state courts' express rejection of Ruiz's allegation that the Board has a
5  no-parole policy for inmates housed in the security housing unit when it upheld the Board's
6  decision denying him parole, the discovery requests are improper under AEDPA. (*See* Answer to
7  Petition for Writ of Habeas Corpus at Ex. G, First Appellate District's Court Order, p. 5.) The
8  state court specifically found that there was no evidence supporting Ruiz's claim. (*Id.*) Rather,
9  the state court found that the Board "carefully considered Ruiz's individual circumstances in
10 assessing his suitability for parole" and that the Board had suggested several self-help
11 programming options used by other inmates housed in the security housing unit to help Ruiz
12 improve his chances for parole in the future. (*Id.*) Moreover, the existence of additional
13 evidence either supporting or undermining the state courts' decision is irrelevant under the "some
14 evidence" test and its examination is unnecessary. *Superintendent v. Hill*, 472 U.S. 445, 455
15 (1985) (applying the some-evidence test in the prison disciplinary context). As stated in
16 Respondent's Answer, applying the "some evidence" test does not involve the weighing of
17 evidence or a review of the entire record. *Hill*, 472 U.S. at 455. Because the only question is
18 whether "any evidence" supports the decision, the standard is satisfied and the court's inquiry
19 ends once any evidence is found. *Id.* Thus, to the extent the some-evidence standard applies,
20 because there is some evidence in the record supporting the state courts' decision denying Ruiz's
21 claim, Ruiz's discovery requests are improper under AEDPA and contrary to the Court's Order.[2]
22 //
23 //
24 //
25 //

---

27    2. In making this argument, Respondent does not concede that the Ninth Circuit's application of the some-evidence test to parole release decisions is clearly established federal law
28 under AEDPA.

Opp'n to Pet'r's Mot. to Compel                                                             *Ruiz v. Horel*
                                                                                                                    C07-4804 JSW

### B. Respondent Has Provided the Relevant State Documents Under Rule 5 of the Federal Rules Governing Section 2254 Cases.

Under Rule 5 of the Federal Rules Governing Section 2254 Cases, the respondent is required to provide relevant portions of the state court proceedings. Rule 5 provides that an answer to a habeas petition "must [] indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available." Further, the respondent must attach relevant portions of the transcripts from the state court proceedings to the answer. The rule does not require Respondent to submit documents that were not provided to the state courts for resolution of Ruiz's claims. This distinction is understandable when one considers that Rule 5 acts as the mechanism for providing the district court the documents necessary to conduct an AEDPA review of the state courts' decision. *See Flamer v. Chaffinch*, 774 F.Supp. 211, 215 n.4 (D.Del. 1991). Without the relevant state court documents, the district court would be unable to determine whether the state courts' decision was contrary to or an unreasonable application of clearly established federal law. But, as stated above, AEDPA prohibits the district court from reviewing anything except the record before the state court in making this determination. Accordingly, the rule does not, and indeed cannot, require the respondent to submit records that were not before the state court. Respondent filed the state court dispositions (Answer at Exs. F-H) and thus, complied with its obligations under Rule 5. As such, Ruiz's requests will not lead to the discovery of admissible evidence and are improper.

### III.

### RUIZ'S DISCOVERY REQUESTS ARE UNDULY BURDENSOME, OVERLY BROAD, AND THE PRODUCTION OF THE REQUESTED INFORMATION THREATENS INSTITUTIONAL SAFETY AND SECURITY.

Respondent objects to each of Ruiz's discovery requests as overly broad in scope and time and unduly burdensome and oppressive given the scope of the request, the time state officials would spend responding to the request, and the potential threat to prison safety and security, especially when balanced with the fact that the response would not properly be before the Court under AEDPA. Respondent further objects because this information is not known by the party to whom the requests are propounded.

Opp'n to Pet'r's Mot. to Compel

*Ruiz v. Horel*
C07-4804 JSW

First, the requested interrogatory responses are excessively burdensome and overly broad because the requests include all CDCR prisoners[3] who are "similarly situated" to Ruiz and requests information from an eighteen year period (1990 to present). While the Lifer Tracking System may be able to provide some of the requested information (as Ruiz asserts), it still would require prison officials to use the prison's limited resources to compile information based on housing, sentences, and each individual prison term and, due to the volume of information requested, could consume a substantial amount of time. In addition, to the extent the information is not available in the computer system, prison officials will have to use additional prison resources, including time, money, and personnel, to manually retrieve the requested information. Moreover, providing information for all similarly situated inmates for eighteen years would be irrelevant under AEDPA because the Court is limited to the record that was before the state courts in resolving Ruiz's claims.

Second, providing the identities and CDC numbers of similarly situated inmates housed in the prisons' security housing units would threaten state-wide institutional safety and security. Inmates are housed in security housing units because they threaten the safety and security of the institution. Cal. Code Regs., tit. 15, § 3341.5 (c). For example, many inmates like Ruiz, are housed in the security housing unit because they are validated prison gang members or associates and/or have committed serious rules violations in prison. Disclosing the identities and CDC numbers of other inmates housed in these units would threaten state-wide institutional safety and security by allowing prison gang members and associates (both in and out of prison) to communicate more effectively, commit disciplinary violations, disrupt the prisons' operations, and engage in unlawful activity. *Madrid v. Gomez* (N.D. Cal. 1995) 889 F. Supp. 1196, 1274; Cal. Code Regs., tit. 15, § 3341.5. Additionally, because the federal court is limited to the record that was before the state courts, providing this information would be irrelevant under AEDPA.

---

3. Ruiz's discovery requests apply not only to inmates housed in the Pelican Bay State Prison security housing unit (where Ruiz is currently incarcerated) but to all security housing units within the California Department of Corrections and Rehabilitation. (*See* Pet'r's Mot. to Compel at pp. 8-9.)

Opp'n to Pet'r's Mot. to Compel

*Ruiz v. Horel*
C07-4804 JSW

8

Third, Ruiz's requests for information and documents regarding parole consideration hearings for similarly situated[4] inmates for an eighteen-year period is overly broad and excessively burdensome, and the parole hearing transcripts are not maintained by Respondent. If required to produce this information, it is the Board of Parole Hearings' staff — not Respondent — who will need to provide the information and copy the parole hearing transcript for each of the similarly situated inmates for the past eighteen years. Then, the transcripts will need to be provided to, and reviewed by, Respondent's counsel (N.D. Cal. Gen. Order 53), and a copy will need to be produced to Petitioner. The entire process would take many days. Moreover, the federal court cannot properly consider this information under AEDPA because it was not included in the record that was before the state courts. Indeed, the state courts concluded that there was no evidence that the Board had a no-parole policy for inmates housed in the prison's security housing unit. (*See* Answer at 11.)

Finally, contrary to Ruiz's argument, Ruiz did not request the opportunity to contact and collect information or declarations from other inmates housed in the security housing unit. Thus, it is an improper basis for this motion to compel. Fed. R. Civ. P. 37 (a)(3)(B); (Exs. A-B.)

Accordingly, this entire process would be exceedingly time consuming and excessively burdensome — especially when balanced by the fact that the information and documents would not be properly before the Court under AEDPA or the Court's Order.

//
//
//
//
//
//
//

---

4. Respondent also objected to Ruiz's document request because it was vague as to the term "inmates similarly situated to petitioner." It is unclear whether Ruiz intended for the same definition in his interrogatories to apply to his request for documents.

Opp'n to Pet'r's Mot. to Compel                                                                                    *Ruiz v. Horel*
                                                                                                                   C07-4804 JSW

## CONCLUSION

Because Ruiz's discovery requests neither comply with AEDPA nor the Court's May 28, 2008 Order, and because the requests are excessively burdensome, overly broad, and will threaten institutional safety and security, this Motion should be denied.

Dated: September 4, 2008

        Respectfully submitted,

        EDMUND G. BROWN JR.
        Attorney General of the State of California

        DANE R. GILLETTE
        Chief Assistant Attorney General

        JULIE L. GARLAND
        Senior Assistant Attorney General

        JENNIFER A. NEILL
        Supervising Deputy Attorney General

        AMANDA J. MURRAY
        Deputy Attorney General
        Attorneys for Respondent

20120011.wpd
SF2008400470

Opp'n to Pet'r's Mot. to Compel

*Ruiz v. Horel*
C07-4804 JSW

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Ruiz v. Horel**

No.:   **C07-4804 JSW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **September 4, 2008**, I served the attached

### OPPOSITION TO PETITIONER'S MOTION TO COMPEL DISCOVERY

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**George Ruiz, B-82089**
**Pelican Bay State Prison**
**P.O. Box 7500**
**Crescent City, CA 95532**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 4, 2008**, at San Francisco, California.

|  |  |
|---|---|
| M.M. Argarin | _(signature)_ |
| Declarant | Signature |

20140072.wpd